UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KEIDRICK LANIER EWING,

        Petitioner,

v.                                  Case No. 3:21-cv-215-MMH-PDB

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,

        Respondents.

_____

## ORDER

### I. Status

Petitioner Keidrick Lanier Ewing, an inmate of the Florida penal system,
initiated this action on March 2, 2021,[1] by filing a Petition for Writ of Habeas
Corpus under 28 U.S.C. § 2254 (Petition; Doc. 1).[2] Ewing is proceeding on an
Amended Petition (Doc. 3). In the Amended Petition, Ewing challenges a 2009
state court (Duval County, Florida) judgment of conviction for armed burglary,
dealing in stolen property, possession of a firearm by a convicted felon,
burglary, and organized dealing in stolen property. He raises six grounds for
relief. See Amended Petition at 5-26. Respondents have submitted a

_____

[1] See Houston v. Lack, 487 U.S. 266, 276 (1988) (mailbox rule).
[2] For purposes of reference to pleadings and exhibits, the Court will cite the
document page numbers assigned by the Court's electronic docketing system.

memorandum in opposition to the Amended Petition, arguing that the action is untimely. See Motion to Dismiss Amended Petition for Writ of Habeas Corpus (Response; Doc. 8). They also submitted exhibits. See Docs. 8-1 through 8-13. Ewing did not file a brief in reply, and briefing closed on April 13, 2022. See Order (Doc. 9). This action is ripe for review.

## II. One-Year Limitations Period

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitations on petitions for writ of habeas corpus. Specifically, 28 U.S.C. § 2244 provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized

by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### III. Analysis

Respondents contend that Ewing has not complied with the one-year period of limitations set forth in 28 U.S.C. § 2244(d). Response at 3. Ewing argues that he timely filed his Petition. Amended Petition at 28-29. The following procedural history is relevant to the one-year limitations issue. On March 22, 2007, the State of Florida charged Ewing by sixth amended information with armed burglary (count one), dealing in stolen property (count two), possession of a firearm by a convicted felon (count three), burglary of a structure or conveyance (counts four and eight), and organized dealing in

3

stolen property (counts five, six, seven, nine, and ten). Doc. 8-1 at 69-70. Ewing proceeded to a trial, and on April 5, 2007, a jury found him guilty of all counts. Doc. 8-11 at 348-58. On May 3, 2007, the circuit court sentenced Ewing. Doc. 8-1 at 71-87. Ewing pursued a direct appeal, and on October 7, 2008, the First District Court of Appeal (First DCA) reversed and remanded for a new trial. Id. at 111-14.

On remand, the State nolle prossed count nine. Id. at 35. Ewing proceeded to a trial, and on May 6, 2009, a jury found him guilty of the remaining counts. Doc. 8-2 at 105-14. On July 17, 2009, the circuit court sentenced Ewing to life imprisonment as to counts one, five, six, seven, and ten; thirty-year terms of imprisonment as to counts two and three; and ten-year terms of imprisonment as to counts four and eight. Id. at 139-52. The circuit court ordered all counts to run concurrently. Id. at 142-50. On appeal, Ewing's counsel filed an Anders[3] brief, Doc. 8-6 at 57-86, and Ewing filed a pro se brief, id. at 92-132. On March 14, 2011, the First DCA per curiam affirmed Ewing's convictions and sentences, id. at 134, and issued the mandate on May 20, 2011, id. at 135.

---

[3] Anders v. California, 386 U.S. 738 (1967).

4

On April 19, 2012, Ewing filed a petition for writ of habeas corpus, alleging ineffective assistance of appellate counsel. Id. at 143-83. The State filed a response. Doc. 8-7 at 33-53. On December 10, 2012, the First DCA granted the petition in part and ordered the commencement of a new appellate proceeding. Id. at 55-56. The First DCA subsequently denied the State's motion for rehearing. Id. at 59. Following the commencement of a new appellate proceeding, on November 19, 2014, the First DCA per curiam affirmed Ewing's convictions and sentences without issuing a written opinion, Doc. 8-10 at 126, and on February 5, 2015, issued the mandate, id. at 127.

As Ewing's convictions and sentences became final after the effective date of AEDPA, his Petition is subject to the one-year limitations period. See 28 U.S.C. § 2244(d)(1). Because Florida law does not permit the Florida Supreme Court to review an affirmance without an opinion, see Florida Rule of Appellate Procedure 9.030(a)(2), Ewing's conviction and sentence became final when the time for filing a petition for certiorari review in the United States Supreme Court expired. See Chamblee v. Florida, 905 F.3d 1192, 1198 (11th Cir. 2018). The time for Ewing to file a petition for writ of certiorari expired on Tuesday, February 17, 2015 (ninety days after November 19, 2014). See Chavers v. Sec'y, Fla. Dep't of Corr., 468 F.3d 1273, 1275 (11th Cir. 2006)

(affording the 90-day grace period to a Florida petitioner whose conviction was affirmed by a court of appeal in an unelaborated per curiam decision). However, Ewing contends that he timely filed a petition for writ of certiorari, and his conviction and sentence became final on October 5, 2015, when the United States Supreme Court denied the petition. Amended Petition at 29. The record reflects that while Ewing filed a petition for writ of certiorari, it concerned the First DCA's per curiam affirmance of a circuit court order denying collateral relief on his Columbia County conviction and sentence. Doc. 8-10 at 142-45; Ewing v. Florida, 577 U.S. 838 (2015). As such, the petition does not affect the finality of Ewing's unrelated Duval County conviction and sentence. Accordingly, Ewing had until February 17, 2016, to file a federal habeas petition. He did not file the instant Petition until March 2, 2021. Therefore, the Petition is due to be dismissed as untimely unless he can avail himself of the statutory provisions which extend or toll the limitations period.

Ewing immediately tolled the one-year limitations period on February 18, 2015, when he filed a petition for writ of habeas corpus, alleging ineffective assistance of appellate counsel. Id. at 147-54. The First DCA denied the petition on the merits on March 12, 2015, id. at 156, and denied rehearing on April 22, 2015, id. at 158. The one-year limitations period began to run the next

6

day, April 23, 2015, and ran for 67 days until Ewing filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850 on June 29, 2015. Doc. 8-11 at 5-45. On March 27, 2018, the circuit court denied relief. Id. at 330-42. The First DCA per curiam affirmed the circuit court's denial without issuing a written opinion on March 5, 2019, Doc. 8-12 at 2, and issued the mandate on May 14, 2019, id. at 4.[4]

On April 26, 2019, Ewing filed a second Rule 3.850 motion, alleging newly discovered evidence. Doc. 8-13 at 5-25. The circuit court denied the motion as untimely and successive on July 10, 2019. Id. at 46-50. The First DCA per curiam affirmed the circuit court's denial without issuing a written opinion on June 30, 2020, id. at 169, and issued the mandate on August 21, 2020, id. at 171. Nevertheless, Ewing's second Rule 3.850 motion did not toll the one-year limitations period because the motion was not properly filed. See Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005) (stating that "[w]hen a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)") (citation omitted); Jones v. Sec'y, Fla.

---

[4] Ewing filed a petition for writ of habeas corpus in the First DCA on December 16, 2016. Doc. 8-12 at 21-52. The First DCA dismissed the petition on January 11, 2017, id. at 165, and denied rehearing on February 15, 2017, id. at 167. Filed and resolved during the Rule 3.850 proceedings, the petition had no effect on the one-year limitations period.

Dep't of Corr., 906 F.3d 1339, 1350 (11th Cir. 2018) (finding petitioner's Rule 3.850 motion alleging newly discovered evidence was not a properly filed motion that tolled the one-year limitations period because the state court determined the motion was untimely filed).

On August 16, 2019, during the proceedings on his second Rule 3.850 motion, Ewing filed a petition for writ of prohibition, asking the First DCA to "restrain[] the Hon. Mark Borello . . . from presiding as a circuit judge in this case. . . ." Doc. 8-13 at 173. Ewing subsequently filed an amended petition for writ of prohibition requesting the same relief. Id. at 188-93. On December 4, 2019, the First DCA denied the petition on the merits. Id. at 245.

To toll the one-year limitations period under § 2244(d)(2), a proceeding must be a "'properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim.'" Espinosa v. Sec'y, Dep't of Corr., 804 F.3d 1137, 1140 (11th Cir. 2015) (quoting 28 U.S.C. § 2244(d)(2)). Under Florida law, a writ of prohibition is an extraordinary writ that is used to prevent future actions of public officials, and "a defendant cannot resort to a writ of prohibition when he has an adequate remedy via appeal." Sparkman v. McClure, 498 So. 2d 892, 895 (Fla. 1986). Prohibition is the proper avenue for review of a ruling on a motion to disqualify. Sutton v.

8

State, 975 So. 2d 1073, 1076 (Fla. 2008). Here, Ewing filed his petition to prevent a particular circuit court judge from presiding over his postconviction proceedings. He did not request reexamination or modification of his conviction and sentence, nor would a petition for prohibition properly initiate such judicial review. Accordingly, Ewing's petition did not toll the one-year limitations period because it did not constitute an application for collateral review with respect to his conviction and sentence. See Elbadramany v. Sec'y, Dep't of Corr., No. 609-CV-136-ORL-31KRS, 2010 WL 3746595, at *3 n.6 (M.D. Fla. Sept. 21, 2010)[5] (finding a petition for writ of prohibition "did not toll the one-year period because it was not a 'properly filed application for State post-conviction or other collateral relief with respect to the pertinent judgment.'") (citation omitted); Williams v. McNeil, No. 08-62078-CIV, 2009 WL 4891954, at *3 (S.D. Fla. Dec. 16, 2009) (same); see also Wall v. Kholi, 562 U.S. 545, 553 (2011) (defining "collateral review" as "a judicial reexamination of a judgment or claim in a proceeding outside of the direct review process"). As such, the one-year limitations period began to run on May 15, 2019, the day after the First

---

[5] The Court notes that although decisions of other district courts are not binding, they may be cited as persuasive authority. See Stone v. First Union Corp., 371 F.3d 1305, 1310 (11th Cir. 2004) (noting that, "[a]lthough a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects.").

DCA issued the mandate on appeal from the circuit court order denying Ewing's first Rule 3.850 motion. The period ran for 300 days until it expired on Monday, March 9, 2020.[6] Ewing filed the instant Petition on March 2, 2021. Given the record, Ewing's Petition is untimely filed and due to be dismissed unless he can establish that equitable tolling of the statute of limitations is warranted.

"When a prisoner files for habeas corpus relief outside the one-year limitations period, a district court may still entertain the petition if the petitioner establishes that he is entitled to equitable tolling." Damren v. Florida, 776 F.3d 816, 821 (11th Cir. 2015). The United States Supreme Court has established a two-prong test for the application of equitable tolling, stating that a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quotations and citation omitted); Thomas v. Att'y Gen., 992 F.3d 1162, 1179 (11th Cir. 2021). As an extraordinary remedy, equitable tolling is "limited to rare and

---

[6] The Court counts the extra day from a leap year in calculating tolling. Additionally, the one-year limitations period ended on Sunday, March 8, 2020; therefore, the period continued to run until Monday, March 9, 2020. See Fed. R. Civ. P. 6(a)(1)(C).

exceptional circumstances and typically applied sparingly." <u>Thomas</u>, 992 F.3d at 1179 (quotations and citation omitted). The burden is on Ewing to make a showing of extraordinary circumstances that "are both beyond his control and unavoidable even with diligence," and this high hurdle will not be easily surmounted. <u>Howell v. Crosby</u>, 415 F.3d 1250, 1251 (11th Cir. 2005) (quotations and citation omitted); <u>Wade v. Battle</u>, 379 F.3d 1254, 1265 (11th Cir. 2004) (per curiam) (citations omitted).

Ewing does not argue that he is entitled to equitable tolling. However, upon review of the Amended Petition, it appears Ewing believes that his second Rule 3.850 motion tolled the one-year limitations period. Amended Petition at 28-29. The Eleventh Circuit has determined that a habeas petitioner's lack of legal training and a general ignorance or confusion regarding the law are not extraordinary circumstances warranting equitable tolling. <u>See</u> <u>Rivers v. United States</u>, 416 F.3d 1319, 1323 (11th Cir. 2005); <u>Perez v. Florida</u>, 519 F. App'x 995, 997 (11th Cir. 2013). Additionally, pro se litigants, like other litigants, "are deemed to know of the one-year statute of limitations." <u>Outler v. United States</u>, 485 F.3d 1273, 1282 n.4 (11th Cir. 2007). Accordingly, Ewing is not entitled to equitable tolling merely based on his misunderstanding of the law. Because he has not shown a justifiable reason why the dictates of the one-

year limitations period should not be applied to him, the Petition is untimely. As such, the Court will dismiss this case with prejudice pursuant to 28 U.S.C. § 2244(d).

## IV. Certificate of Appealability
## Pursuant to 28 U.S.C. § 2253(c)(1)

If Ewing seeks issuance of a certificate of appealability, the undersigned opines that a certificate of appealability is not warranted. The Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Ewing "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. See Slack, 529 U.S. at 484. However, when the district court has rejected a

12

claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Upon consideration of the record as a whole, the Court will deny a certificate of appealability.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. Respondents' request to dismiss (Doc. 8) the case as untimely is **GRANTED**, and this action is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment dismissing this case with prejudice.

3. If Ewing appeals the dismissal of the case, the Court denies a certificate of appealability. Because the Court has determined that a certificate of appealability is not warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

4.    The Clerk of the Court is directed to close this case and terminate any pending motions.

**DONE AND ORDERED** at Jacksonville, Florida, this 30th day of October, 2023.

MARCIA MORALES HOWARD
United States District Judge

Jax-9 10/10
c:    Keidrick Lanier Ewing, #107997
      Counsel of record

14